IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JEROME WASHINGTON**                                                                                    **PLAINTIFF**

v.                                       Civil No.  4:10-cv-4189

**CAPTAIN STEVE HEARTLINE and**
**SGT.  JOHNNY WELCH**                                                                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff's Complaint.  ECF No.  1.  Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  *Id.*  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP").  ECF No.  2.  Plaintiff's IFP application was granted.  ECF No.  3.  Subsequently, an addendum was propounded to the Plaintiff to determine if service should issue.  ECF No.  5.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Paul K.  Holmes, III, United States District Judge for the Western District of Arkansas.

The matter is presently before the Court on initial review pursuant to 42 U.S.C. § 1915A. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's Complaint, ECF No.  1, be dismissed.

**I.    BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint.  ECF No.  1. Plaintiff states that on November 9, 2010, he was placed in a segregation cell for fighting.  Plaintiff

described this cell in his Complaint as "nasty gross smelling" and that the cell "has been wet for [quite] some time [and] it smell very terrible of mold [sic]." *Id.* Additionally, the light did not work in the cell at the time Plaintiff was placed there. *Id.* In the section of the Complaint regarding the relief requested by Plaintiff, Plaintiff stated he "want to get some correct and equal punishment and caused me to have mental stress w[h]ich needs to be dealt with [sic]" and then wrote "'pain and suffering'" at the bottom of that section. *Id.* at ¶ VIII.

In the Addendum, ECF No. 6, Plaintiff clarified that he had been placed in the segregation cell for fifteen days. Plaintiff also maintained that he had asked for cleaning supplies, but the supplies were not given to him and such supplies were not available upon request because "you would have to ask for them repeatedly and you still may not get them." *Id.* at ¶ 3(d). Plaintiff also described his injury from being placed in the unclean segregation cell as "mental anguish" for which he saw the psychologist, but received no medical care or medications. *Id.* at ¶¶ 5, 6.

In a later supplement to the Complaint, ECF No. 7, Plaintiff stated that in December of 2010 he was placed in the segregation cell again for a duration of four days. Plaintiff maintained the cell was full of water and "you have to breath[e] in mold that has to be some kind of health hazard." *Id.* Plaintiff requested an investigation into the matter. *Id.* Plaintiff also supplemented his Complaint with a grievance dated November 19, 2010, stating the segregation cell was wet and smelled like mold, and his lights did not work. ECF No. 8. Another grievance dated November 30, 2010, raises the same concerns and states he had received no response to his grievance of eleven days prior. *Id.* Neither of the grievances provided by the Plaintiff have a written response.

Additionally, in the first supplement to the Complaint, ECF No. 7, Plaintiff states he has no access to a law library while in the Miller County Detention Center. Plaintiff is suing the Defendants

in their individual capacities only. ECF No. 1.

## II. APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). The statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. The Court must dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

## III. DISCUSSION

The Complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not stated a claim of constitutional harm under Section 1983. Therefore, the Complaint should be dismissed.

Plaintiff's main claim in this action appears to be that he was housed under unconstitutional conditions of confinement in a segregation cell for a period of fifteen days, and then subsequently for a period of four days. Plaintiff also states he was a pretrial detainee at this time. ECF No. 1.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See*

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. CONST. amend. VIII; *see also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc., whether brought by pretrial detainees or convicted inmates). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id.* The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The Eighth Circuit has noted that conditions, "such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (internal quotation marks and citation omitted). The court considered both the length of time a prisoner must endure the filthiness and the level of filthiness. *Id.*

In this case, Plaintiff's confinement to the segregation cell with the moisture problem or water problem and lighting problem was limited in time to fifteen days, at the longest, and his discomfort consisted of a foul odor of mold. These conditions either in combination, or alone, do not allege that Plaintiff was deprived of a single, identifiable human need such as food, warmth, or exercise. *See e.g., Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996). As such, his conditions of confinement claims do not rise to a constitutional dimension. Moreover, Plaintiff states he only suffered "mental anguish," but also states he received no medical care or medication for his mental anguish, other than seeing the psychologist. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 & 16-17 (1992) (Blackmun, J., concurring) (*de minimis* infliction of psychological pain is not actionable).

To the extent Plaintiff is attempting to state a claim against Defendants for not responding to Plaintiff's grievances, it is well-settled that inmates do not have a constitutionally protected right to a grievance procedure. *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), aff'd, 3 Fed. Appx. 23 (4th Cir. 2001).

Finally, to the extent Plaintiff is attempting to state a claim for denial of access to a law library, the availability of law library usage is only one of many constitutionally-acceptable methods of assuring meaningful access to the courts, and pretrial detainees are not entitled to law library usage if other means of access to the court exist. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Accordingly, Plaintiff's assertion that he was denied access to a law library, without more, fails to state a constitutional claim.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint, ECF No. 1, be **DISMISSED** in its entirety for failure to state a claim. I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 5th day of July 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE