IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEROME WASHINGTON                                                                       PLAINTIFF

v.                                            Case No. 4:10-CV-04189

CAPTAIN STEVE HEARTLINE and
SGT. JOHNNY WELCH                                                                    DEFENDANTS

## O R D E R

On this 21st day of September 2011, there comes on for consideration the Report and Recommendations (Doc. 13) filed in this case on July 5, 2011, by the Honorable Barry A. Bryant, United States Magistrate for the Western District of Arkansas. Also before the Court are Plaintiff's Objections (Doc. 14) to the Report and Recommendations.

The court has reviewed this case and, being well and sufficiently advised, finds as follows: Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendation. The Court notes, initially, that Plaintiff is not expected to be well-versed in the law when stating his claim. The Court will construe a *pro se* plaintiff's pleadings broadly based on the facts provided. *See e.g., Haines v. Kerner*, 404 U.S. 519 (1972)(holding *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers. . . "). The Magistrate broadly construed all of Plaintiff's factual allegations in reaching the conclusions reflected in the Report and Recommendation. Plaintiff, while doing a commendable job of arguing relevant legal precedent in his Objections, does not offer any new facts which would convert his claim into a claim for which relief may be granted. Plaintiff argues that he disagrees with the Magistrate's interpretation and application of *Whitnack v. Douglas County*, 16 F.3d 954 (8th Cir. 1994). The Court, however, has reviewed *Whitnack* and agrees with the Magistrate's conclusion that dismissal of this action is

appropriate. The conditions suffered by the plaintiffs in *Whitnack* seem to have been more extreme than those alleged by Plaintiff in the instant matter. As the Eighth Circuit stated, "While the length of time a prisoner must endure an unsanitary cell is undoubtedly one factor in the constitutional calculus, the degree of filth is surely another, and . . . the length of time required before a constitutional violation is made out decreases as the level of filthiness endured increases." *Whitnack*, 16 F.3d at 958. While Plaintiff may have been subjected to some level of discomfort for longer than the *Whitnack* plaintiffs, it appears to the Court that the "level of filthiness endured" was far less.

Furthermore, Plaintiff has not alleged that he was deprived of a single, identifiable human need such as food, warmth, or exercise. *See, e.g., Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996). Evidence that a plaintiff was simply made "uncomfortable" is not enough. *Whitnack*, 16 F.3d at 958.  Plaintiff argues that he could have been exposed to toxic mold. A remote future possibility of harm from the mold is not actionable. Plaintiff has not alleged that he has suffered any health problems as a result of any possible exposure. Finally, although the Court can foresee that extreme lighting issues may, in some cases, result in constitutional violations, Plaintiff has not alleged facts sufficient to indicate that the lighting issues in his cell, to which he was exposed for fifteen days, were so unreasonable as to result in his suffering physical or psychological harm. While Plaintiff alleges he suffered "mental anguish" due to the conditions in the cell, he also admits he received no medical treatment for such mental anguish other than seeing the psychologist. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 & 16-17 (1992) (Blackmun, J., concurring) (*de minimim* infliction of psychological pain is not actionable).  In other words, the lighting issue was not sufficiently serious to meet the objective component required to sustain Eighth Amendment claims.

For the above-stated reasons, the Court finds that the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**.  Accordingly, for the reasons stated

herein and in the Magistrate Judge's Report and Recommendations, Plaintiff's Complaint is DISMISSED for failure to state a claim. The dismissal of this case constitutes a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The Clerk is therefore directed to place a § 1915(g) strike flag on the case.

      IT IS SO ORDERED this 21st day of September 2011.

                                                      */s/P. K. Holmes, III*
                                                     P.K. HOLMES, III
                                                     UNITED STATES DISTRICT JUDGE